## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH GLEN STRAWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-312-J |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Joseph Glen Strawn, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking relief from his conviction in Stephens County District Court, Case No. CF-2016-494 (Pet.) [Doc. No. 1].  The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C).  Judge Purcell screened the Petition and issued a Report and Recommendation recommending that it be dismissed as untimely. (Rep. & Rec.) [Doc. No. 7].  Petitioner has objected (Petr.'s Obj.) [Doc. No. 8], triggering de novo review.

Relevant here, Petitioner plead guilty and was sentenced on September 7, 2017 for (1) Possession of a Controlled Dangerous Substance with Intent to Distribute After Former Conviction of a Felony (AFCF); (2) Escape from Arrest or Detention AFCF; and (3) Unlawful Possession of Drug Paraphernalia.  He did not move to withdraw his guilty plea and did not file a direct appeal. In his Petition, Petitioner alleges (1) it is unconstitutional to assume intent to distribute based on circumstantial evidence (multiple strains of marijuana, multiple baggies, etc.); (2) he was tricked into entering a guilty plea; (3) his prior felony conviction on which his enhancement was based is "bogus;" (4) his sentences are legally too long; and (5) his attorney was constitutionally ineffective. Pet. at 5-12.

As Judge Purcell correctly noted, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year statute of limitation for prisoners to challenge their state-court convictions or sentences.  28 U.S.C. § 2244(d)(1)(A)-(D).  Here, Petitioner was sentenced on September 7, 2017 and his conviction became final ten days later, on September 17, 2017.  *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (holding petitioner's sentencing on a guilty plea became final under § 2244(d)(1)(A) ten days later).  The AEDPA's one-year period of limitation began to run the following day, September 18, 2017, and in the absence of statutory or equitable tolling, expired one year later, on September 18, 2018.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n. 6 (10th Cir. 2001) (noting that the statutory year begins to run on the day after the judgment and sentence becomes final).  Using the mailbox rule, Petitioner filed his Petition in this Court approximately two and a half years later, on April 5, 2021.

In his objection, Petitioner does not challenge Judge Purcell's finding that he is not entitled to statutory tolling.  However, he does argue he is entitled to equitable tolling and/or an exception to the statute of limitations.

To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted).  Circumstances appropriate for equitable tolling include "when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  In the Tenth Circuit, "equitable tolling is a rare remedy to be applied in unusual circumstances."  *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015).  In addition to equitable tolling, there is an exception from the statute of

2

limitations if a petitioner can demonstrate his actual innocence. *See Weaver v. Bear*, 713 F. App'x 744, 746 (10th Cir. 2017) ("Actual innocence serves more as an 'equitable exception to § 2244(d)(1), not an extension of the time statutorily prescribed.'" (citation omitted)).

Petitioner asks the Court to apply equitable tolling and/or find an exception to the statute of limitations because (1) his attorney did not tell him he could appeal, and ignorance of the law should toll the statute of limitations, and (2) he is innocent because he never intended to sell the marijuana. *See* Pet.'s Obj. at 1-6. However, contrary to Petitioner's assertion otherwise, his "ignorance of the law . . . does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Thus, Judge Purcell correctly found no grounds for equitable tolling.

To support his claim of innocence, Petitioner would need to provide "new reliable evidence –whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not done so, and in fact admits that he had scales, multiple strains of marijuana, and multiple bags of marijuana. *See* Pet. at 5, 8; Pet.'s Obj. at 4. While Petitioner does not believe this proves he had an intent to distribute, it is clearly fatal to his actual innocence claim. Thus, again, the Court finds that Judge Purcell correctly found that Petitioner's alleged innocence did not excuse his untimeliness.

In sum, and having carefully reviewed the Petition, Report and Recommendation, and Petitioner's Objection de novo, the Court agrees with Judge Purcell's well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 7] and DISMISSES Petitioner's Petition [Doc. No. 1] as untimely. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A separate judgment will follow.

IT IS SO ORDERED this 26th day of April, 2021.



_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE